**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3139-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS T. JONES,

    Defendant-Appellant.

_____

Submitted April 5, 2017 — Decided July 25, 2017

Before Judges Fuentes and Simonelli.

On appeal from the Superior Court of New
Jersey, Law Division, Morris County,
Indictment No. 14-04-0385.

Joseph E. Krakora, Public Defender, attorney
for appellant (Mark H. Friedman, Assistant
Deputy Attorney General, of counsel and on the
brief).

Fredric M. Knapp, Morris County Prosecutor,
attorney for respondent (Paula Jordao,
Assistant Prosecutor, on the brief).

PER CURIAM

Following the denial of his motion for reconsideration of an

order denying his motion to suppress evidence found in the trunk

of his vehicle, defendant Thomas T. Jones pled guilty to second-degree unlawful possession of a firearm, N.J.S.A. 2:39-5(b).  The trial court imposed a seven-year term of imprisonment with a three-and-one-half year period of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c).  We remand for further proceedings.

The following facts are pertinent to our review.  After stopping defendant's vehicle, Police Officer Matthew Ambrosi of the Mendham Township Police Department (MTPD) detected the odor of burnt marijuana emanating from the vehicle's interior.  As a result, Ambrosi asked defendant for consent to search the vehicle.  After defendant read and signed a consent to search form, Ambrosi searched the interior of the vehicle and found marijuana shake[1] in the center console area and on the floorboard.  Ambrosi then "popped the trunk" lever and went to the rear of the vehicle to search the trunk.  As he approached the rear of the vehicle, defendant put his hands on top of the trunk lid, shut it, and said there was nothing in the trunk and he wanted to stop the search.

---

[1] "Marijuana shake" is a colloquial term use to describe the small pieces of cannabis flower that break off of larger buds, generally as the result of regular handling.

Ambrosi stopped the search and called for a K-9 unit to respond to the scene.

Detective Walter Rawa of the Morris County Sheriff's Office and K-9 Officer Reno, a trained narcotics dog, arrived at the scene to attempt to locate the odor of a controlled dangerous substance (CDS) around the exterior and interior of defendant's vehicle. In his March 18, 2014 investigation report, Rawa wrote that K-9 Reno "positively indicated [the presence of a CDS] two times <u>at the partially open driver window of the vehicle</u>." (Emphasis added). The police advised defendant of the findings and afforded him the option to either consent to search the vehicle or have the vehicle impounded while the police applied for a search warrant. After defendant declined to consent, the police impounded the vehicle.

The police obtained a warrant to search the entire vehicle based on the affidavit of a MTPD detective, who stated there was probable cause to believe a CDS would be found in the vehicle. The affiant stated that Rawa "conducted a cursory search of the exterior of the vehicle which yielded a positive hit by K-9 Reno where K-9 Reno signaled to his handler the presence of a [CDS]." The court issued a warrant to search the entire vehicle based on

the affidavit. The police searched the trunk of the vehicle and found a loaded defaced handgun and under fifty grams of marijuana.

Defendant filed a motion to suppress the evidence found in the trunk and requested a Franks[2] hearing to determine whether the affidavit in support of the search warrant for the entire vehicle omitted material facts that tended to show the police lacked probable cause to search the trunk. Defendant argued that the affiant omitted the material facts that K-9 Reno's two positive hits were limited to the front passenger area and the dog did not detect a CDS on the vehicle's exterior or trunk.

The motion judge rejected defendant's reliance on State v. Patino, 83 N.J. 1 (1980), finding that the Supreme Court in that case only barred a warrantless search of the trunk of a vehicle based on the discovery of small amounts of marijuana in a vehicle's interior. In this case, the judge found the presence of marijuana shake coupled with the smell of burnt marijuana in the interior of defendant's vehicle provided probable cause for a warrant to search the entire vehicle. The judge denied defendant's motion and request for a Franks hearing.

---

[2] Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

On appeal, defendant raises the following contentions:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S
MOTION TO SUPPRESS WITHOUT HOLDING A FRANKS
HEARING CONCERNING THE CRITICAL ISSUE OF
WHETHER THE AFFFIDAVIT IN SUPPORT OF THE
WARRANT TO SEARCH THE ENTIRE VEHICLE OMITTED
FACTS THAT TENDED TO SHOW THAT THE POLICE DID
NOT HAVE PROBABLE CAUSE TO SEARCH THE TRUNK.

POINT II

DEFENDANT'S SENTENCE IS MANIFESTLY EXCESSIVE
AND UNDULY PUNITIVE.

The primary purpose of a Franks hearing is to "determine whether the police made material misrepresentations and/or omissions in seeking a search warrant and if so, whether the evidence gather from a defective warrant must be suppressed." State v. Smith, 212 N.J. 365, 413 (2012), cert. denied, 568 U.S. 1217, 133 S. Ct. 1504, 185 L. Ed. 2d 558 (2013). The Fourth Amendment[3] requires the court to hold a hearing at the defendant's request where the defendant "makes substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause[.]" Franks v. Delaware,

---

[3] U.S. Const. amend. IV.

438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676, 57 L. Ed. 2d 667, 672 (1978); see also State v. Howery, 80 N.J. 563, 568, cert. denied, 444 U.S. 994, 100 S. Ct. 527, 62 L. Ed. 2d 424 (1979). "These requirements also apply where the allegations are that the affidavit, though facially accurate, omits material facts." State v. Stelzner, 257 N.J. Super. 219, 235 (App. Div.), certif. denied, 130 N.J. 396 (1992). In Howery, supra, 80 N.J. at 567-68, the Court noted that the limitations imposed by Franks are not insignificant.

In view of the above authority, we remand for a Franks hearing. In State v. Keaton, 222 N.J. 438, 448-49 (2015), our Supreme Court reaffirmed that a search of a car must be limited in scope to where the items can reasonably be expected to be located. "Therefore, a search for registration in the rear of the vehicle would not be permissible." Ibid. (citing Patino, supra, 83 N.J. at 12). The legal question in Keaton was whether a police officer has a legal right to enter an overturned vehicle in order to obtain registration and insurance information for the vehicle without first requesting permission, or allowing the defendant an opportunity to retrieve the documents himself. Id. at 442.

Here, the State conceded that without defendant's consent, the police had no legal right to search the trunk. The area of

defendant's vehicle that caused K-9 Reno's reaction is therefore extremely significant. Thus, we remand for the court to conduct a <u>Franks</u> hearing to determine whether the discrepancies between the affiant's and Rawa's versions of K-9 Reno's search are sufficient to question the legality of the search.

In the event defendant does not succeed on remand, we address his sentence. At sentencing, the judge found aggravating factor <u>N.J.S.A.</u> 2C:44-1(a)(6), "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted[,]" based on defendant's prior conviction for the same offense. The judge also found aggravating factor <u>N.J.S.A.</u> 2C:44-1(a)(9), "[t]he need for deterring the defendant and others from violating the law[,]" based on the need to deter defendant and others from unlawfully possessing weapons. The judge rejected defendant's request to find mitigating factor <u>N.J.S.A.</u> 2C:44-1(b)(1), "[t]he defendant's conduct neither caused nor threatened serious harm," and mitigating factor <u>N.J.S.A.</u> 2C:44-1(b)(2) "[t]he defendant did not contemplate that his conduct would cause or threaten serious harm[.]" The judge found that carrying a loaded defaced handgun in the trunk contemplated that someone might get harmed at some point, and defendant had no legitimate reason to have a loaded defaced handgun in his trunk.

A-3139-15T4

We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). As directed by the Court, we must determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience.
>
> [Ibid. (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

We have considered defendant's contention that his sentence is manifestly excessive and punitive in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We are satisfied that the judge did not violate the sentencing guidelines and the record amply supports his findings on aggravating and mitigating factors. The sentence is clearly reasonable, does not shock our judicial conscience, and is affirmed.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3139-15T4